**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-0146 JGB (SPx)** | Date | June 5, 2025 |
| Title | *Joecelyn Jefferson v. Walmart Inc. et al.* | | |

Present: The Honorable   **JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE**

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 9); and (2) VACATING the June 9, 2025 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Joecelyn Jefferson's motion to remand. ("Motion," Dkt. No. 9.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion and **VACATES** the June 9, 2025 hearing.

### I. BACKGROUND

On August 15, 2024, Plaintiff Joecelyn Jefferson ("Plaintiff") filed a complaint in the Superior Court of California, County of Los Angeles against Walmart, Inc. ("Walmart" or "Defendant") and Does 1 through 50, inclusive. ("Complaint," Dkt. No. 1-1.) The Complaint alleges three causes of action: (1) negligence; (2) negligent hiring, retention, training, and supervision; and (3) premises liability. (See Complaint.) In the Complaint, Plaintiff alleges that a Walmart employee "recklessly and negligently rammed a top-cart into Plaintiff's head and body" causing "severe and permanent injuries." (Id. ¶ 9.) On September 16, 2024, Walmart answered Plaintiff's Complaint. ("Answer," Dkt. No. 1-4.)

On October 29, 2024, Plaintiff served Walmart with a statement of damages alleging $20,000,000 in general damages and $10,000,000 in special damages. ("Statement of Damages," Motion Ex. 3, Dkt. No. 9-2.)

On January 17, 2025, Walmart removed the action to this Court pursuant to diversity jurisdiction, 28 U.S.C. §§ 1332(a), 1441. ("Notice of Removal," Dkt. No. 1.)

On February 14, 2025, Plaintiff filed the Motion. (See Motion.) Defendants opposed the Motion on February 24, 2025. ("Opposition," Dkt. No. 10.) On March 3, 2025, Plaintiff replied. ("Reply," Dkt. No. 11.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

A removing defendant must file a notice of removal within thirty days after receipt of the initial pleading. Id. § 1446(b). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

Plaintiff argues that Walmart failed to remove the action within thirty days of being served Plaintiff's October 29, 2024 Statement of Damages—the document from which it could first be ascertained that the amount in controversy exceeded $75,000 and that the action was therefore removable. (Motion at 1); 28 U.S.C. §1446(b)(3).

Walmart argues that "[b]oth Plaintiff's Complaint and her subsequent Statement of Damages were insufficient to put Defendant on notice that this case was removable." (Opposition at 10.) Walmart contends that it could not ascertain the removability of the action until January 9, 2025, when it received Plaintiff's medical bills totaling $117,746.81. (Id. at 13-14.) Accordingly, Walmart argues that its January 17, 2025 Notice of Removal was timely. (Id.)

"When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006). The thirty-day period for removal begins to run when defendant receives a copy of a pleading or "other paper" from which it can determine that the case is removable. Id. at 1250. While parties "need not make extrapolations or engage in guesswork," defendants seeking to remove a case must "apply a reasonable amount of intelligence in ascertaining removability." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotations omitted).

In "cases involving severe injuries, especially those involving surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied," despite a plaintiff's failure to plead a dollar amount. See Hammarlund v. C.R. Bard, Inc., 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) (finding amount in controversy established by allegations of severe injuries requiring surgery as well as loss of income and earning potential); see also, e.g., Moore v. CVS Health Corp., 2017 WL 2999021, at *2 (C.D. Cal. July 14, 2017) (holding amount in controversy was met "due to the severity of the alleged injuries and damages sought" in the plaintiff's complaint); Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (finding the amount in controversy was satisfied in a slip and fall case, where the plaintiff alleged (1) injuries to her wrist, knee, upper and lower back, (2) loss of wages and earning capacity, and (3) permanent disability and disfigurement). "[I]n assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." Campbell v. Vitran Express, Inc., 471 F. App'x. 646, 648 (9th Cir. 2012) (internal quotations and citations omitted).

Furthermore, a statement of damages may qualify as an "other paper" giving notice that a case is removable. Jackson v. Target Corp., 2008 WL 11339920, at *1 (C.D. Cal. Dec. 22, 2008). "[A] statement of damages is not binding, [but] it is relevant to the issue of the amount in controversy." Brovold v. Safeway Inc., 2020 WL 6566164, at *3 (W.D. Wash. Oct. 14, 2020), report and recommendation adopted, 2020 WL 6561418 (W.D. Wash. Nov. 9, 2020). "While a defendant may not establish the amount in controversy through the defendant's own conclusory allegations, a plaintiff's statement of damages is not a 'conclusory allegation'; it is direct evidence of the value that the plaintiff places on their case. . . . This is true even if the statement does not lay out in detail the basis for the plaintiff's estimate of their damages." Flores v. Safeway, Inc., 2019 WL 4849488, at *5 (W.D. Wash. Oct. 1, 2019).

Plaintiff's Statement of Damages alleges a total of $30,000,000 in damages ($20,000,000 in general damages and $10,000,000 in special damages), an amount 400 times in excess of the jurisdictional minimum of $75,000. (See Statement of Damages.) Walmart argues Plaintiff's Statement of Damages failed to include an "itemization or any details concerning Plaintiff's alleged injuries or damages," or a calculation of lost wages, and is thus "merely a 'bold optimistic prediction' that was insufficient to trigger removal." (Opposition at 11 (quoting Ortiz v. Costco Wholesale Corp., 2019 WL 3183675, at *2 (S.D. Cal. July 16, 2019).) Plaintiff argues that, in conjunction, the Complaint and Statement of Damages make it "unequivocally clear and certain

that Plaintiff's claims exceed[] the amount in controversy minimum, triggering the 30 day removal requirement." (Reply at 2-3.) The Court agrees with Plaintiff.

Plaintiff's Complaint alleges that a Walmart employee "recklessly and negligently rammed a top-cart into Plaintiff's head and body" causing "severe and permanent injuries." (Complaint ¶ 9.) Plaintiff alleges she sustained "serious injuries to her body, and shock and injury to her nervous system and person" which "have caused and continue to cause Plaintiff great physical and mental pain and suffering" and "will result in some or all permanent disability to her." (Id. ¶ 16.) Regarding her medical treatment, Plaintiff alleges she "was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, and . . . will necessarily incur additional life expenses for an indefinite period of time in the future." (Id. ¶ 18.) Plaintiff further alleges she "was prevented from attending her usual or potential occupation" and "may be prevented from attending her occupation in the future." (Id. ¶ 17.) Plaintiff's Complaint seeks general damages for "past and future pain and suffering and disfigurement" and special damages including "past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity." (Id. at 9-10.)

Assuming Plaintiff's allegations of severe injuries to her head and body requiring treatment from surgeons and resulting in disfigurement, permanent disability, past and future medical expenses, and loss of earning capacity are true—it is neither bold nor optimistic to determine that Plaintiff's damages exceed $75,000. See Jackson v. Target Corp., 2008 WL 11339920, at *1 (C.D. Cal. Dec. 22, 2008) (holding that while the $743,205 sought in plaintiff's statement of damages "might be a 'bold optimistic prediction' for this case, $75,000 is not.") The severity of Plaintiff's alleged injuries and damages sought, in conjunction with the Statement of Damages showing Plaintiff values her case at over 400 times the jurisdictional minimum, provided Walmart with adequate notice of removability. Accordingly, Section 1446's thirty-day removal clock was triggered on October 29, 2024, when Plaintiff served on Walmart the Statement of Damages. As such, Walmart's notice of removal filed January 17, 2025 was untimely. Plaintiff's Motion to remand is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to remand (Dkt. No. 9) and **REMANDS** the case to the Los Angeles Superior Court. The Clerk is directed to close the file. The June 9, 2025 hearing is **VACATED**.

**IT IS SO ORDERED.**